The People *ex rel.* Penn Yan and Branchport Plank-road Co. agt. Martin.

# SUPREME COURT.

THE PEOPLE *ex rel.* THE PENN YAN AND BRANCHPORT PLANK-
ROAD COMPANY agt. GEORGE W. MARTIN, commissioner
of highways of the town of Jerusalem.

*Commissioners of highways to perform duties of plank-road inspectors —
their determinations must be in writing — Mandamus.*

The determination of a commissioner or commissioners of highways (who,
by the *Laws of* 1877, *p.* 171, *chapter* 164, *sec.* 1 amending *chapter* 440,
*sec.* 3 *Laws of* 1873, are made inspectors of plank-roads), that the road
is out of repair, or in such condition that it cannot be conveniently used
by the public, and ordering the toll-gate to be thrown open, is that of a
tribunal acting judicially, and should therefore be in writing.

When they have once ordered the gate to be thrown open, and after that,
upon a subsequent inspection, on the application and claim of the plank-
road company that the road has been put in repair, they make a deter-
mination that the road has been fully repaired and is in proper condition
to the satisfaction of such inspector or commissioner, it is *not sufficient*
to evidence such determination by an oral declaration, *but it should be
reduced to writing.*

*Yates Special Term, June,* 1878.

MOTION for mandamus.

*Mr. Butler,* for motion.

*Mr. Stewart,* opposed.

ANGLE, *J.*— By the statute (*Laws* 1877, *p.* 171, *ch.* 164, *sec.*
1, *amending ch.* 440, *sec.* 3 *Laws* 1873), the construction of
which is involved in this motion, it is made the duty of plank-

The People *ex rel.* Penn Yan and Branchport Plank-road Co. agt. Martin.

road inspectors to inspect such roads at least once in each month; it is also provided that after a gate has been once thrown open by the order of the inspectors, because the road is out of repair or in such condition that it cannot be conveniently used by the public, such gate *" shall not be closed until such road shall be fully repaired or be in proper condition to the satisfaction "* of such inspector. As commissioners of highways are now inspectors of plank-roads and as the number of commissioners may be from one to three, as the town shall have determined, it must be borne in mind in construing this statute that it is providing a method of procedure applicable to all towns, and the commissioner or commissioners (as the case may be) are by it clothed with the power of making a determination, which is judicial in its character alike when performed in towns where there is but one inspector and in towns where there are three inspectors.

The question here is whether, when this tribunal has once ordered the gate to be thrown open, and after that, upon a subsequent inspection, the application and claim of the plank-road company that the road has been put in repair, it makes a judicial determination, is it sufficient to evidence that determination by an oral declaration or should it be reduced to writing. The original notice and order to open the gate must be in writing and if the result of the subsequent inspection upon the claim of the company that their road is repaired and in good condition is, that the inspectors are satisfied that it is so repaired and in such condition, it would hardly be questioned that such satisfaction should be evidenced by a written order, so as to be of equal certainty and dignity with the first order, the force of which it stays or abrogates; and if a decision one way is to be in writing, it seems to me if the decision be the other way it should be in writing.

Upon these two grounds, then, I am strongly impressed that the commissioner should make a written order in this case.

1. The determination is that of a tribunal acting judicially

The People *ex rel.* Penn Yan and Branchport Plank-road Co. agt. Martin.

and should, therefore, be in writing (*Smith* agt. *Spaulding*, 3 *Rob.*, 615 ).

2. The first order being in writing the subsequent determination on the same matters, or growing out therefrom, should be in writing.

An order may be entered for an alternative mandamus without costs of this motion.